## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KRISTINA SANSONE** | * | **CIVIL ACTION NO.** |
| *Plaintiff,* | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| | * | |
| **JAZZ CASINO COMPANY, LLC** | * | |
| **D/B/A HARRAH'S CASINO** | * | **MAG.          DIV.** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |
| *Defendant* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

AND NOW comes KRISTINA SANSONE (hereinafter referred to as "Plaintiff") , appearing herein through undersigned counsel, respectfully states as follows:

### PRELIMINARY STATEMENT

This action is based on  disability and sex discrimination and seeks declaratory, injunctive and equitable relief, back pay, reinstatement (or in lieu thereof, front pay), compensatory damages, punitive damages, attorney's fees, prejudgment interest, and costs for discrimination, harassment, and hostile work environment based on sex and retaliation.

## JURISDICTION AND VENUE

1.      This is an individual action authorize and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), 42 U.S.C. §12112(a) ("ADA"), and Louisiana law, La. R.S. 23:301 *et seq*.

2.      Damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (5)(f) and (5)(g), 42 U.S.C. §1981, La. R.S. 23:301 *et seq* and La. C.C. 2315.

3.      Plaintiff has complied fully with all prerequisites and the jurisdiction of this court under Title VII including all administrative procedures through the EEOC and received a right-to sue letter.

4.      The unlawful employment practice all occurred within the district of the Eastern District of Louisiana, therefore venue is proper within this district, in accordance with Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e (f)(3) and state law.

5.      Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1331 and 1367(a).

## PARTIES

6.      **Plaintiff, Kristina Sansone**  (hereinafter, "Plaintiff" or "Ms. Sansone"), a person of the full age of majority, was hired in 1995 by defendant, and is a resident of the State of Louisiana. Plaintiff filed a sexual harassment charge and a ADA charge for retaliation against defendant, Jazz Casino Company, LLC who has allowed a pervasive and severe sexually hostile environment as a condition of  employment and has discriminated against Plaintiff for having a disability.

7.   **Defendant,** Jazz Casino Company, LLC ("Harrah's"), a foreign corporation licensed to do business and doing business in New Orleans, Louisiana.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.     On June 1, 2015, Plaintiff was diagnosed with cancer and requested an reasonable accommodation from Harrah's. She wanted to be able to sit while dealing games and to come into and out of work through the handicap access which was only accessible through the public entrance. Lakeshia Lazzard gave her a pass along with specific permission to enter through the handicapped access and to park in the customer lot.  Plaintiff was assigned to baccarat, which was the only table game wherein the dealer could sit down while dealing at Harrah's.

9.     Around September, 2017, Plaintiff was a baccarat dealer on the day shift at the Harrah's Casino. Plaintiff welcomed a customer at her table and asked for his player's name and player card as required by Harrah's. The customer leered at Plaintiff and said "why? do you want my to hook up with me?" Plaintiff was upset and complained to her supervisor, Marleney Castillo who did nothing to correct the situation or document the incident. The customer was allowed to continue to come in week after week to harass the Plaintiff. The customer always sat close to the Plaintiff in order to stare at her.  The customer continuously solicited the Plaintiff for dates and made harassing comments such as "hey cutie, hey girl" "come on, you know you want to get with me, why won't you talk to me? You know you want me".

10.     On December 22, 2017, the same customer came to baccarat Table 139  and began to harass the Plaintiff "why are you ignoring me, you know you want to get with me!" Plaintiff again tried to get assistance from her supervisor. Harrah's required that the floor supervisor be advised first and then the floor supervisor would then call the shift office to speak to the

assistant or shift manager- **all before a security guard is contacted** to determine if the customer was a high roller player who would systematically receive more lenient treatment over employee-victims. Defendant would ratify or acquiesce to the actions of a customer who gambled and permitted their employees to be exposed to a hostile work environment as long as the customer continued gambling.

11.     Once the shift manager arrived, Stuart Conway stood at the table with Demetra Cayold laughing together rather than immediately relieving the Plaintiff or handling the offending customer. Plaintiff waited 20 minutes to be take off the table and away from the harassing customer.   Stuart Conway then pulled Plaintiff to Pit 1 and in front of all the employees discussed incidental issues with surveillance instead of the actual customer harassment Plaintiff complained about. Plaintiff was flabbergasted and insist that he address the incident.   Mr. Conway did nothing more than to advise her to write an incident report. Nothing was done to the customer, no identify of the customer was confirmed or even asked for by Mr. Conway despite being told that the harassment had been continuous for several months.  (Exhibit 1- Incident Report)

12.     Harrah's made no attempt to remedy the situation to keep the Plaintiff safe on-site.  This was one example of many instances of a sexually hostile work environment that made it unsafe for Plaintiff to work.

13.     Over the previous years,  Plaintiff observed employees she worked with on the craps tables consistently make sexual remarks about female customers. Plaintiff was followed by a fellow employee which she reported to her supervisor to no avail. Nothing was ever done to protect the Plaintiff when she made reports. Plaintiff was consistently solicited for dates when

would deal in high limits tables and she was expected by Harrah's to take the solicitations "as part of her job."

14.     Plaintiff identifies a customer named  "Zuhair", who grabbed her hand in an attempt to flirt with Plaintiff. Although she reported the behavior nothing was ever done to protect her from Zuhair because he was a frequent high roller gambler.

15.     On another occasion a customer kept taunting Plaintiff on a craps game calling Plaintiff a "him" and referring to Plaintiff as a male. Plaintiff complained and the supervisor refused to do anything for fear of not upsetting the customer.

16.     At all times, Harrah's was aware that Plaintiff was undergoing chemo treatment for her cancer and needed accommodations for entering and leaving the workplace. On December 24, 2017 Plaintiff entered through the handicapped access a few minutes late. When asked by Harrah's what time she came in, she clearly stated that she was "not sure though" if she made it to work on time that day. She was  fired for allegedly falsifying time records and for using the public entrance. (Exhibit 2-Termination ). No other entrances had handicapped access other than the public entrance and she never made an untrue statement as she was unsure of what time she got there that day due to the side effects of her treatment. Ms. Sansone was actually fired for two reasons, 1) because she exercised her reasonable accommodation by entering in the public entrance and 2) because she had just complained about sexual harassment  two days before being fired.

17.     Throughout her employment, petitioner distinguishes herself as a good employee for years, and now due to defendant, as she is unemployed, under mental health medical treatments, and has been humiliated causing the need for medical treatment and counseling. Ms. Sansone

had not received any write-ups, nor negative performance evaluations, besides incidental tardiness.

## FIRST CAUSE OF ACTION
## RETALIATION DUE TO SEXUAL HARASSMENT, IN VIOLATION OF TITLE VII

18.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint with the same force and effect as if set herein.

19.     Defendant has retaliated against Plaintiff and has denied her opportunities for employment advancement on the basis of her having complained of the sexual harassment and which is in violation of Title VII.

20.     Plaintiff is currently under the care of a psychiatrist and has ongoing post-traumatic stress syndrome and is taking prescription antidepressants due to this incident sued upon.

21.     In 1980, the EEOC issued guidelines stating, "sexual harassment is a form of sex discrimination that is prohibited by Title VII." The EEOC guidelines explain in detail that sexual harassment could take the form of a hostile "environment" where the sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment [29 C.F.R. §1604.11 (a) and *Meritor Sav. Bank, FSB v. Vinson (1986)* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404--2406]. It is important to note that in the United States Supreme Court decision in *Meritor,* the Court held that sexual harassment creating an intimidating or hostile working environment, but not resulting in any tangible loss of job, position, or benefit, still violates Title VII. Thus, Plaintiff suit is based on a hostile work environment.

## SECOND CAUSE OF ACTION
## UNLAWFUL FEDERAL AND STATE
## DISCRIMINATORY EMPLOYMENT PRACTICES

22.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint with the same force and effect as if set herein.

23.     The above acts and practices of the Defendant constitute unlawful discriminatory employment practices within the meaning of Federal law and Louisiana Employment Discrimination Law, La. R.S. 23:301 et al. Plaintiff requests supplemental jurisdiction be applied for the state law claim of employment discrimination.

24.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief

## THIRD CAUSE OF ACTION
## LACK OF POLICY FOR SEXUAL HARASSMENT,
## DISCRIMINATION AND RETALIATION

25.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint with the same force and effect as if set herein.

26.     Defendants failed to have a viable policy and procedures in place for sexual harassment, sexual discrimination and retaliation.

27.     No actual sex harassment policy was actually implemented in action and any policy Defendant contends existed was a "paper policy" only. The training was non-existent and there was insufficient staffing of security and floor supervisors to meaningfully implement any policy in violation of Title VII. Therefore punitive damages are appropriate.

28.      As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for Defendant not having a viable policy and procedures in place for sexually hostile work environment and for deliberately understaffing security and staff.

29.      Plaintiff has suffered and will continue to suffer unless and until this Court grants relief for punitive damages, including reasonable attorneys' fees and costs. *Farragher* is not available as a defense as the policy did nothing to prevent the hostile work environment because the training itself excepted "7stars and Diamonds" from the policy. Defendants created an unsafe environment with understaffed security and staff making any enforcement of its paper policy impossible. This type of behavior is premeditated and unjustifiable. A substantial punitive and compensatory damage award should be awarded to Plaintiff.

## FOURTH CAUSE OF ACTION
## COMPENSATORY AND PUNITIVE DAMAGES UNDER TITLE VII ARE ALLOWED

30.      Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint with the same force and effect as if set herein.

31.      Although Defendant had more than 300 employees, and therefore Title VII caps on compensatory and punitive damages take an effect, but Title VII also allows for recovery of uncapped compensatory damages for state causes of action under La. C.C. 2315, La. C.C. 2320 and for state charges of sexual harassment. Pendant state law discrimination claims in this federal court complaint allows larger amounts of awards than and Title VII cap that would be present.

32.      Under Title VII, the total that can be awarded for compensatory and punitive damages may not exceed $300,000 in cases of employers of 300 employees. Under 42 U.S.C. §1981 a.

Damages in Cases of Intentional Discrimination in Employment (b)(3)(A), it should be noted, that back pay and front pay are not treated as compensatory damages, thus are not subject to these damage caps. *Pollard v. E. 1. Du Pont de Nemours & Co.,* 532 U.S. 843, 848, 121 S.Ct. 1946, 1949; *Johnson v. Spencer Press of Maine, Inc.* (1st. Cir. 2004) 364 F.3d 368, 378. Note there is no cap under state sexual harassment under La. R.S. 23:301 and for state causes of assault and battery under La. C.C. 2315 and La. C.C. 2322.

33.     Plaintiff's damages clearly exceed $300,000 for compensatory and punitive damages. She has sustained humiliation, pain and suffering, and mental anguish. She is diagnosed with major depression and anxiety.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE AMERICAN DISABILITIES ACT

34.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint with the same force and effect as if set herein.

35.     Plaintiff had a qualifying disability, namely cancer and the after effects of treatment, that substantially limits one or major life activity of Plaintiff including walking, standing, concentrating, thinking, and communicating. Plaintiff was still able to perform the job by sitting while dealing baccarat and entering through the handicapped access.

36.     Plaintiff was terminated while exercising her accommodation and on at least one protected ground, for entering through the handicapped access when she had previously been allowed to use that entrance as a reasonable accommodation. Termination is a adverse employment decisions based on disability discrimination.

## PLAINTIFF'S DAMAGE ASSESSMENTS

37.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1

through 17 of this Complaint with the same force and effect as if set herein.

38.     The proximate cause--in--fact of Plaintiff's injuries and suffering such damages, was

the negligent and intentional conduct of the Defendant, listed above, which are all in violation

of Title VII, in violation of La. R.S. 23:301, and La. C.C. 2315, including:

     1)     Sexual Discrimination;

     2)     Sexual Harassment;

     3)     Maintaining a hostile work environment for women;

     4)     Adverse Employment action;

     5)     Sexual assault;

     6)     Disability Discrimination;

     7)     Retaliation;

     8)     Failure of Defendant to monitor, investigate and to implement a training of its
sexual harassment policy for its employees;

     9)     Negligent supervision, negligent management;.

     10)    Any and all other negligent and intentional acts that may be used at the trial of
this matter.

39.     As a result of Defendant's discriminatory acts, Plaintiff has suffered a loss of income and

unemployment benefits, employment benefits, emotional distress, pain and humiliation,

embarrassment, ridicule, damage to her employment record, past and future mental anguish, and damages due being made to work in a hostile work environment subjecting Plaintiff to the extreme and outrageous conduct of customers

## RELIEF FOR DAMAGES

40.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint with the same force and effect as if set herein.

41.    Plaintiff itemizes her damages as follows:

   1)    Past lost wages;

   2)    Future lost wages;

   3)    Past loss of employment benefits;

   4)    Past and future emotional distress;

   5)    Past and future humiliation;

   6)    Past and future embarrassment and ridicule;

   7)    Past and future mental anguish;

   8)    Sexual assault

   9)    Wrongful and retaliatory termination; and

   10)    Punitive damages, including reasonable attorneys' fees and costs.

   Pursuant to requirements of La. R.S. 23:303(c) plaintiff provided written notice to defendants through EEOC charges filed in an attempt to amicably settle this matter to no

avail. Plaintiff prays for trial by jury and states her damages are reasonable on the premises, and which said damages exceeds the amount required for trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a)  Declaring that the acts and practices complained of herein are in violation of  Title VII and the ADA;

b)  Declaring that the acts and practices complained of herein are in violation of La. R.S. 23:301 *et seq*., the Louisiana Employment Discrimination law and La. Criminal law of sexual assault;

c)   Enjoining and permanently restraining these violations of Title VII, and requiring Defendants implement a viable sexual harassment policy and training for employees and supervisors to end sexual harassment which endangers female employee's safety and care;

d)  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

e)  Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but the defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and lost benefits;

f)   Awarding Plaintiff compensatory and punitive damages;

g)  Awarding Plaintiff costs of this action together with reasonable attorneys' fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e--6(k);

h)  Declaring that the acts and practices complained of herein are in violation of La. R.S. 23: 301;

i)  Directing Defendant to pay plaintiff compensatory damages and damages for her mental anguish and humiliation; and

j)      Granting such other and on further relief as this Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted:

VASQUEZ LAW OFFICE

  /s/Jessica Vasquez_____
Jessica Vasquez
400 Poydras Street, Ste. 900
New Orleans, LA 70130
T: 504/571.9582
F: 504/684.1449
jvasquez@vasquezlawoffice.com
*Attorney for Kristina Sansone*