UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTINA SANSONE | CIVIL ACTION |
| VERSUS | NO: 18-14093 |
| JAZZ CASINO COMPANY, LLC | SECTION: T (3) |

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant Jazz Casino Company, LLC.[1] Plaintiff has filed an opposition.[2] With leave of court, Defendant has filed a reply.[3] For the reasons set forth below, the Motion for Summary Judgment is GRANTED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was an employee of Defendant. She has asserted various claims of retaliation due to sexual harassment under Title VII of the Civil Rights Act of 1964 and discrimination based on her disability under the Americans With Disabilities Act.[4] Defendant in its motion asserts that summary judgment is warranted because none of Plaintiff's claims is legally cognizable nor supported by the evidentiary record.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing

---

[1] R. Doc. 41.
[2] R. Doc. 48.
[3] R. Doc. 59.
[4] R. Doc. 1.
[5] Fed. R. Civ. P. 56(a).

1

whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[8] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[9]

The Court has reviewed the Pleadings and finds that Defendant's Motion for Summary Judgment has merit. Plaintiff has failed to point to evidence in the record demonstrating a genuine issue of material fact that her termination resulted from anything other than her own misrepresentations. Nor has Plaintiff established a genuine issue of material fact with regard to her hostile work environment claim. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment is GRANTED and Plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, this 30th day of September 2020.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[8] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[9] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).